IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLENDA R. LAWSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:18-cv-06918 |
| v. | ) | |
| | ) | |
| MANDARICH LAW GROUP, LLP | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant, Mandarich Law Group, LLP, ("MLG") hereby responds in opposition to Plaintiff's Motion for Leave to File Amended Complaint as follows:

STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), a party's proposed amended pleading is one to which a responsive pleading is required, the movant may amend its pleading once as a matter of course within twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a "party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The denial of an opportunity to amend is within the sound discretion of the District Court and will not be reversed absent an abuse of that discretion. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave include the futility of amendment. Id. A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *People v. Sebring Capital Corp.*, 209 F.R.D. 428, 430-31 (N.D. Ill. 2002). Here, the amendment would be futile because Plaintiffs' proposed Amended Complaint continues to fail to state a claim under the Fair Debt Collection Practices Act ("FDCPA").

1

ARGUMENT

    I.    The Proposed Amendment is Futile

Plaintiff should be denied leave to amend due to futility of amendment. "There is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 607 (7th Cir. 2013); *see also Schilke v. Wachovia Mortg., FSB*, 820 F. Supp. 2d 825, 831 (N.D. Ill. 2011) ("An amended complaint is considered to be futile if it could not withstand a motion to dismiss."). "Although the bar to survive a motion to dismiss is not high, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (internal citations and quotations omitted). A "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, a finding of futility is warranted because Plaintiff's proposed amendment is conclusory and speculative on its face. *See E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (factual allegations in the complaint must be sufficient to raise the possibility of relief about the "speculative level"). Plaintiff's statement in her motion that her amended allegations "go directly towards curing the deficiencies proffered by Defendant in its Motion to Dismiss" is belied by the fact that her claims are <u>still</u> premised on the number of attorneys listed in the letterhead of the Letter, the presence of a barcode on the Letter and the purported high number of letters Calvary sends on a daily basis. *See* D.E. 17, ¶11; *see also* D.E. 17-1, pp. 4-9. Plaintiff's proposed amendment again fails to explain *how* the Letter's contents

would be material. Moreover, like her initial Complaint, Plaintiff's proposed amendment is completely devoid of facts supporting her theory of liability. *See Barata v. Nudelman, Klemm, & Golub, P.C.*, 2015 U.S. Dist. LEXIS 20280, *8-9 (D.N.J. 2015) (holding that the plausibility standard for a meaningful involvement claim requires the plaintiff to identify how many letters were produced, how many attorneys produced them, and the length of time involved). Contrary to Plaintiff's assertion, she does not cure the deficiencies in her Complaint proffered by MLG's arguments related thereto in its pending motion to dismiss. *See* D.E. 14, pp. 8-9.

Further, Plaintiff's proposed amendment mirrors her initial Complaint as there are no new facts related to MLG's review of the Letter. Rather, she again relies only on her self-serving assumptions and conjectures regarding the "automated nature" of MLG's letter. *See* D.E. 17-1, ¶30. Plaintiff merely alleges the same theory of liability based on the same conclusory allegations related to the same letter. As such, Plaintiff again seemingly relies on the hope that discovery would produce the necessary, corroborating facts to support her claim. Plaintiff's proposed amendment fails to rectify the wavering allegations based on pure speculation and guesswork, thereby demonstrating that her amended claims are too equivocal to be plausible. *See*, *e.g.*, D.E. 17-1 at ¶ 27 ("…*it stands to reason* that Cavalry has a proportionally large number of accounts…"); ¶33 ("These complaints elucidate a problematic course of conduct…*which seemingly would or could* have been avoided…"). Simply put, Plaintiff's amended claims are insufficient under the requisite pleading standard and, in turn, renders Plaintiff's proposed amendment futile because it is subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a plaintiff must allege more than merely a "conceivable" claim; a plaintiff must plead enough facts to state a claim for relief that is plausible on its face in order to survive a motion to dismiss). Accordingly, Plaintiff should not be granted leave to amend.

Also reinforcing futility is that Plaintiff's proposed amended §1692f claims are <u>again</u> based

on the same set of facts and alleged conduct as her §1692e claims. *See* D.E. 17-1 at pp. 9-10. Such reliance is fatal to her § 1692f claim. Section 1692f is a catch-all provision, which applies only to conduct that is unfair but is not identified in any other section of the FDCPA. Plaintiff's proposed amendment includes allegations of conduct which she contends specifically violates the various sub-sections of §1692e. That same conduct, however, cannot also implicate §1692f, particularly where Plaintiff fails to specifically identify how the conduct is also unfair and unconscionable in violation of §1692f.[1] Since Plaintiff's proposed amendment includes §1692f claims based on identical allegations as her §1692e claims, she fails to state a claim under §1692f. Accordingly, amendment is futile as Plaintiff's First Amended Complaint is subject to dismissal.

## **CONLCUSION**

For the foregoing reasons, Mandarich Law Group, LLP respectfully requests that this Honorable Court deny Plaintiff's Motion for Leave to Amend.

Dated: January 14, 2019                                        Respectfully submitted,

By: */s/ Kevin S. Borozan*
Kevin S. Borozan
Messer Strickler, Ltd.
225 W. Washington St., Suite 575
Chicago, IL 60606

---

[1] *See e.g., Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013) ("Courts have therefore determined that § 1692f cannot be the basis of a separate claim for complained of conduct that is already explicitly addressed by other sections of the FDCPA[.]"); *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1329 (S.D. Fla. 2009) ("[A] claim of a violation of Section 1692f is deficient if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'") (quoting *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)); *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008) ("Baker's claims are all premised on two basic types of alleged conduct: improper disclosures and false threats of legal action. Multiple specific FDCPA provisions address both these types of conduct. Section 1692f is therefore, inapplicable[.]"); *Christy v. EOS CCA*, 905 F. Supp. 2d 648, 656 (E.D. Pa. 2012) (judgment in defendant's favor appropriate when § 1692f claim "does not identity any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA"); *Taylor v. Health W. Williams, LLC*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007) (dismissing Section 1692f claim where plaintiff failed to plead misconduct other than that asserted to violate other FDCPA provisions).

                (312) 334-3474 (direct)
                (312) 334-3473 (fax)
                kborozan@messerstrickler.com
                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

By: */s/ Kevin S. Borozan*
Kevin S. Borozan
Messer Strickler, Ltd.
225 W. Washington St., Suite 575
Chicago, IL 60606
(312) 334-3474 (direct)
(312) 334-3473 (fax)
kborozan@messerstrickler.com