IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLENDA R. LAWSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:18-cv-06918 |
| v. | ) | |
| | ) | |
| MANDARICH LAW GROUP, LLP | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, Mandarich Law Group, LLP, ("MLG") hereby moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Amended Complaint against it with prejudice for failure to state a claim upon which relief can be granted. In support of which, MLG states as follows:

**I.      STANDARD**

A. *Standard For Deciding a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). The Supreme Court explained in the post-*Twombly* world of pleading, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege more than merely a "conceivable" claim; a plaintiff must plead enough facts to state a claim for relief that is plausible on its face in order to survive a Defendant's motion to dismiss. *Id.*, at 679.

### B. The Unsophisticated Consumer

Whether a collection letter violates the FDCPA is determined through the eyes of the "unsophisticated consumer." *Wahl v. Midland Credit Mgmt.*, 556 F. 3d 643, 645 (7th Cir. 2009). This hypothetical consumer, although uninformed, naïve and trusting, is not a dimwit. *Id*. The unsophisticated consumer "possess a rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possess 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F. 3d 1057, 1060 (7th Cir. 2000). Courts are to disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters. *Durkin v. Equifax Check Servs.*, 406 F. 3d 410, 414 (7th Cir. 2005). Furthermore, courts should reject a plaintiff's interpretation of a collection letter if it appears to be "fantastic conjecture" that a "significant fraction of the population" would not find misleading. *Taylor v. Cavalry Inv., L.L.C.*, 365 F. 3d 572, 574-575 (7th Cir. 2004). If a significant fraction of the population could not find the letter misleading then the case must be dismissed. *Gruber v. Creditors' Prot. Serv.* 742 F. 3d 271, 274 (7th Cir. 2014).

The unsophisticated consumer standard includes an objective element of reasonableness, which "shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Gammon v. GC Services Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994). The unsophisticated consumer "is wise enough to read collection notices with added care, [is possessed of] reasonable intelligence, and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). When a Court is determining whether a letter complies with the FDCPA the entire letter must be reviewed in its entirety, not just the isolated passage relied on by plaintiff. *Edmonds v. Nat'l Check Bureau, Inc.*, 2003 U.S. Dist. LEXIS17476, * 12 (S.D. Ind., Aug. 1, 2003).

II. **PLAINTIFF'S CLAIMS UNDER §§ 1692e and f MUST BE DISMISSED**

*The Letters are Not Deceptive, Confusing or Misleading*

1. Plaintiff Fails to Plead Facts Sufficient to State Causes of Action Under §§ 1692e, e(3) and e(10) Regarding Defendant's Purported Lack of Meaningful Review

Plaintiff's Amended Complaint is conclusive and speculative on its face. *See E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (factual allegations in the complaint must be sufficient to raise the possibility of relief about the "speculative level"). Plaintiff asserts claims under §§ 1692e, e(3) and e(10) based on pure conjecture and assumption without supporting facts, and therefore fail to meet the level of specificity required under the plausibility pleading standard. A complaint must show "that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level," which means that the complaint "must do more than merely avoid foreclosing possible bases for relief." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc*., 536 F.3d 663, 668 (7th Cir. 2008). A "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original); *See also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a plaintiff must allege more than merely a "conceivable" claim; a plaintiff must plead enough facts to state a claim for relief that is plausible on its face in order to survive a motion to dismiss).

Here, Plaintiff attempts to state a claim premised on the number of attorneys listed on the letterhead of MLG's January, June and July 2018 letters (the "Letters"), the presence of a bar code on the Letters, and the purported high number of letters Calvary sends daily. *See* D.E. 21, pp. 4-9; *see also* Letters attached hereto as **Group Exhibit A**.[1] Plaintiff makes logical leaps and

---

[1] Courts can consider documents attached to a motion to dismiss, but not to the complaint, where

3

conclusive assumptions that are unfounded and meritless. Specifically, Plaintiff contends that since the letterhead lists "attorneys Christopher D Mandarich, Michael D Mandarich, John C. Bonewicz, Ryan E. Vos, Anthony F. Porto, Veronica M. Barisich, Christina M. Milien, William Boaz, William T. Sali, Angela Burmeister, Thomas M. McGreal, Crystal Flynn, and Faye Carroll", the unsophisticated consumer would assume that these letters "have been reviewed by the aforementioned attorneys". D.E. 21, ¶¶24-25. Plaintiff further surmises that "[b]ecause the attorneys listed in the Notice to Sue are located in different stats, it is impossible that these attorneys conducted a meaningful reviewed of these letters because it would be impractical for a debt collector. . .to require each of its attorneys to review every collection letter." D.E. 21, ¶26.

Of course, all attorneys at the law firm do not review every single collection letter sent by the firm. Any such assumption made by virtue of the number of names on letterhead is simply ridiculous. The unsophisticated consumer, while naïve and trusting, is not a "dimwit." *Wahl*, 556 F.3d at 645. Someone even with only "rudimentary knowledge about the financial world" recognizes that law firm letterhead routinely contains the names of various lawyers in a firm. *Id.* In fact, ABA Rule of Professional Responsibility 7.5(b) specifically allows the attorneys of the firm to be identified in such a way. Moreover, contrary to Plaintiff's assertion, none of the Letters are signed by any attorney, which connotates a review by that individual. *See* Exhibit A. Instead, the signature block merely contains the firm name in printed type.

Further, Plaintiff does not allege what specific elements of the letters created the impression that MLG was not meaningfully involved. Rather, Plaintiff erroneously relies on her unsubstantiated allegation regarding "multitude of complaints that have been filed against

---

the complaint refers to those documents and they are central to the plaintiff's claim. *See, e.g., Venture Associates Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993) (collecting cases).

Defendant in federal courts throughout the country, as well as with the Consumer Financial Protection Bureau." D.E. 21, ¶46. Notwithstanding the irrelevance of these purported other claims, Plaintiff fails to offer any explanation as to *how* a "multitude of complaints" against MLG is at all connected to, or evidence of, MLG's alleged lack of attorney involvement with her specific Letters. "A federal court is not obligated to sift through a complaint to extract some merit when the attorney who drafted it has failed to do so himself." *See*, *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Id*. The Amended Complaint's lack of factual support not only severely disadvantages MLG's ability to responsively plead to, and defend against, Plaintiff's claims, but also requires this Court to sift through the Amended Complaint to decipher the connection between MLG and the violations alleged therein. Accordingly, Plaintiff fails to state a plausible claim for relief.

Moreover, merely surmising that the attorneys of the firm sent "hundreds" of collection letters on a daily basis is insufficient on its own to support her claim that no attorney with MLG had personally reviewed the circumstances of her account prior to sending the Letters. *See Napolitano v. Ragan & Ragan, 2017 U.S. Dist. LEXIS 131335, at \*23 (D.N.J. Aug. 17, 2017).* For example, in *Barata v. Nudelman, Klemm, & Golub, P.C.*, 2015 U.S. Dist. LEXIS 20280 (D.N.J. Feb. 2015), a court dismissed a similar attempt at pleading a meaningful involvement claim based on the "sheer number of letters sent." *Id.* at \*7. While the *Barata* court agreed that this fact, in combination with others, might suggest that no attorney gave the letters meaningful attorney review, to be remotely plausible the pleader must identify how many letters were produced, how many attorneys produced them, and the length of time involved. *Id.* at \*8-9. Relying on the "hope" that discovery would produce those necessary, corroborating facts makes such a claim subject to

5

dismissal. *Id.* at *7-9.

Notably, this case is not akin to *Knack-Toms v. Meyer Njus Tanick, PA*, 2018 U.S. Dist. LEXIS 192002, at *16 (N.D. Ill. 2018), which found that a plaintiff (represented by the same firm as Plaintiff here) had adequately stated a meaningful involvement claim. In *Knack-Toms*, the plaintiff received a letter which stated it was "from, and reviewed by, two attorneys". *Id.* at *7-8. Plaintiff alleged that the attorneys who signatures appeared on the correspondence allow their signature to be used on hundreds of collection letters on a daily basis. *Id.* Here, Plaintiff's claim is contingent on the presence of a signature by an MLG attorney and a signature line on the Letters. *See* D.E. 21, ¶25. The Letter at issue, however, contained no signature by an attorney, nor did it contain names underneath a signature line. *See* Exhibit A. Further, the firm in *Knack-Toms* only consisted of two attorneys, and allegations of thousands of daily letters. The MLG firm consists of many more attorneys and far less letters. With all due respect to Judge Rienhard, the reasoning of the courts in *Barata* and *Napolitano* is much more persuasive regarding the requirements for a meaningful involvement claim. Under the requisite pleading standard, a consumer does not satisfy her burden by merely pleading a high volume of letters sent by a law firm. Admittedly, that gives the *possibility* of a lack of meaningful involvement. But *plausibility,* not *probability,* is the requisite pleading standard. Something more is necessary to raise the claim to *plausible* level; for instance, that the letter contained inaccurate information or inapplicable claims. Plaintiff's wavering allegations are only based on pure speculation and guesswork, thereby demonstrating that her Amended Complaint is too equivocal to be plausible. *See*, *e.g.*, D.E. 21, ¶ 27 ("…*it stands to reason* that Cavalry has a proportionally large number of accounts…"); ¶33 ("These complaints elucidate a problematic course of conduct…*which seemingly would or could* have been avoided…"). Simply put, Plaintiff's amended claims are insufficient under the requisite pleading

standard and, in turn, warrants dismissal with prejudice of Plaintiff's Amended Complaint.

Lastly, even if Plaintiff's interpretation of the Letters was logical, she fails to explain how any such message would be material. Lox v. CDA, Ltd., 689 F.3d 818, 826 (7th Cir. 2012) (only material statements are actionable under the FDCPA). Statements are "material" within the sense of §1692e if it has "the ability to influence a consumer's decision". O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 942 (7th Cir. 2011). Put simply, it is of no matter to the unsophisticated consumer whether one lawyer or ten lawyers at a law firm review the circumstances of her account. The unsophisticated consumer would not take a different course of action if only one attorney, as opposed to more, were listed on the letterhead. Thus, Plaintiff's claims on this theory fail for lack of materiality as well. Accordingly, Plaintiff's Amended Complaint must be dismissed with prejudice

2. <u>Plaintiff's Claims Under §§ 1692e, e(2), e(5) and e(10) Fail as a Matter of Law</u>

Plaintiff's claims fail because the Letters are plainly and clearly not misleading. The Seventh Circuit recognized three categories of cases for false, deceptive or misleading statements:

- Category 1: Where the language is plainly and clearly not misleading.
- Category 2: Where language is not misleading or confusing on its face but has the potential to be so to the unsophisticated consumer.
- Category 3: Where the language is plainly deceptive or misleading.

*Janeteos v. Fulton Friedman & Gullace, LLP*, 825 F. 3d 317, 322-23 (7th Cir. 2016); *Ruth v. Triumph P'Ships*, 577 F. 3d 790, 800-801(7th Cir. 2009). If the alleged offending language falls into the first category, the court can dismiss the complaint based on its own determination that the language does not violate the law. *Ruth*, at 800. Further, in order for a statement to be misleading and violate the FDCPA, it must be material. *Hahn v. Triumph P'Ships LLC*, 557 F. 3d 755, 758 (7th Cir. 2009).

Here, the alleged offending language in the Letters falls into the first category and should be dismissed. Plaintiff's §1692e claims are premised on the following language contained in the January and June letters:

> "You may request records showing the following … (2) the debt balance, including an explanation of any interest charges and additional fees…"

D.E. 21, p. 3. *See* Group Exhibit A. Only an unrealistic, peculiar reading of this language would lead to the impression that interest, late charges and other costs continued to accrue on the account. In determining whether a collection letter comports with the requirements of the FDCPA, courts should not read selected passages out of context, but should consider the letter in its entirety. *See, e.g., Keen v. Omnibus Intern., Inc*., 1998 U.S. Dist. LEXIS 12619 (N.D. Ill. 1998). When the Letters are read in their entirety with care, as expected of the least sophisticated consumer, it is clear the Letters merely provide Plaintiff with the information he or she "*may*[2]" request from MLG. In context, a reasonable reading of the words "*including*" and "*any*" in the sentence at issue connotes possibilities of the types of records associated with the debt balance the consumer may seek from MLG. This language does not insinuate that interest, fees, or charges continue to accrue on the account. It only promises to provide records relative to the current balance on the account, if applicable. In short, the strained interpretation Plaintiff advocates does not comport with the reasonableness requirement of the Seventh Circuit's unsophisticated consumer standard.

Further, it is important to note that complained-of language is *required* by California state law. Plaintiff is a California resident, and MLG is a California limited liability partnership. The California Code contains a law entitled "The Fair Debt Buying Practices Act", which imposes

---

[2] Black's Law Dictionary defines "may" as "[t]o be permitted to" and "[t]o be a possibility." May, BLACK'S LAW DICTIONARY (10th ed. 2014). Among other definitions, Merriam-Webster's Collegiate Dictionary defines "may" as "have the ability to" and "used to indicate possibility or probability." See May, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 2000).

certain requirements on "debt buyers". Cal. Civ. Code § 1788.50(a)(1); *see also*, *Finely v. Dynamic Recovery Solutions LLC*, 2015 U.S. Dist. LEXIS 77999, at *15 (N.D. Cal. June 15, 2015) (explaining the applicability of the Act). The debts at issue here are purchased debts. *See*, Exhibit A. Indeed, Plaintiff admits that both debts were "charged-off" (D.E. 21, ¶10), and the letters themselves provide the name of the current creditors, LVNV Funding, LLC and Calvary SPV I, LLC.[3] Because the current creditors of the debts are "debt buyers", Cal Civ Code § 1788.52 applies to the collection of the accounts. §1788.52(d) of the Act requires that debt buyers, such as LVNV and Calvary, include the following notice in their first communication with a debtor:

> "You may request records showing the following: (1) that [insert name of debt buyer] has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt.
> "A request for these records may be addressed to: [insert debt buyer's active mailing address and email address, if applicable]."

The California Legislature's intended purpose of this provision was to "create documentation and process standards for the collection of consumer debt that all interested parties can easily understand." 2013 Cal ALS 64, 2013 Cal SB 233, 2013 Cal Stats. ch. 64, 2013 Cal ALS 64, 2013 Cal SB 233, 2013 Cal Stats. ch. 64. Defendant's inclusion of this language in its January 24th and June 13th letters (with the requisite information filled into each blank) merely complies with the

---

[3] LVNV Funding, LLC and Calvary SPV I, LLC have been determined to be "debt buyers" many times over. *Dorrian v. LVNV Funding, LLC*, 579 Mass. 265 (2018) (LVNV is a debt buyer); *Robinson v. Sherman Fin. Grp.*, 984 F. Supp. 2d 816, 826 (E.D. Tenn. 2013)(same); *Boerner v. LVNV Funding LLC*, 326 F. Supp. 3d 665, 672 (E.D. Wis. 2018) (same); *Simpson v. Cavalry SPV I, LLC*, 2014 Ark. 363, ¶ 9, 440 S.W.3d 335, 340 (finding Cavalry purchased debts); *Montalbano v. Cavalry Portfolio Servs.*, Civil Action No. 2:12-cv-01471, 2013 U.S. Dist. LEXIS 20636, at *22 (W.D. Pa. Feb. 15, 2013) (same).

requirements of California law. Accordingly, Plaintiff's amended claims under §§ 1692e and f must be dismissed with prejudice.[4]

## CONCLUSION

For the foregoing reasons, Defendant, Mandarich Law Group, LLP, respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice and for such further and other relief this Honorable Court deems just.

Dated: February 5, 2019                          Respectfully submitted,

                                                            By: /s/ Kevin S. Borozan
Kevin S. Borozan
Messer Strickler, Ltd.
225 W. Washington St., Suite 575
Chicago, IL 60606
(312) 334-3474 (direct)
(312) 334-3473 (fax)
kborozan@messerstrickler.com

---

[4] Plaintiff's Claims under §1692f and f(1) are identical to its claims under §1692e and as such, do not deserve independent discussion. See, Dkt. 21, ¶53 ("Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due. . ."); ¶54 ("Misrepresentation that debt collection correspondences are sent from an attorney who sufficiently reviewed the accounts associated with such correspondence. . ."). The same conduct which Plaintiff claims is violative under §1692e cannot also implicate §1692f, particularly where Plaintiff fails to specifically identify how the conduct is also unfair and unconscionable in violation of §1692f. *See e.g., Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013) ("Courts have therefore determined that § 1692f cannot be the basis of a separate claim for complained of conduct that is already explicitly addressed by other sections of the FDCPA[.]"); *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1329 (S.D. Fla. 2009) ("[A] claim of a violation of Section 1692f is deficient if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'") (quoting *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)); *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008) ("Baker's claims are all premised on two basic types of alleged conduct: improper disclosures and false threats of legal action. Multiple specific FDCPA provisions address both these types of conduct. Section 1692f is therefore, inapplicable[.]"); *Christy v. EOS CCA*, 905 F. Supp. 2d 648, 656 (E.D. Pa. 2012) (judgment in defendant's favor appropriate when § 1692f claim "does not identity any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA"); *Taylor v. Health W. Williams, LLC*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007) (dismissing Section 1692f claim where plaintiff failed to plead misconduct other than that asserted to violate other FDCPA provisions).

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2019, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

          By: /s/ Kevin S. Borozan
          Kevin S. Borozan
          Messer Strickler, Ltd.
          225 W. Washington St., Suite 575
          Chicago, IL 60606
          (312) 334-3474 (direct)
          (312) 334-3473 (fax)
          kborozan@messerstrickler.com